Richard J. Cardamone, J.
This is a motion for summary judgment in a taxpayer’s action instituted by the plaintiff, Elsie W. Edsall, against the defendants Village of Ilion, Ilion Urban Renewal Agency, Bernard Murray as President and Mayor of the Village of Ilion, and Maynard Chapin as Treasurer and Clerk of the Village of Ilion.
In her complaint, the taxpayer asks for judgment in her favor and that of the defendant Village of Ilion against all the remaining defendants for the sum of $357,850, representing a total of two debts incurred by the defendant Village of Ilion as follows: (1) in the sum of $200,000 as the village’s share of the estimated cost of the relocation of Main Street (also known as State Highway 5-S) in the Village of Ilion pursuant to the provisions of section 46 of the Highway Law; (2) in the sum of $150,000, a debt incurred by the defendant Village of Ilion pursuant to subdivision 29 of section 10 of the Highway Law, which authorizes the village to enter into an agreement with the Department of Transportation of the State of New York for the purpose of acquiring excess parcels of real property which are involved in the relocation of State highways within a village when such excess real property is in an urban renewal area so as to avoid severance costs. The balance of $7,850 represents interest estimated to have been paid by the Village of Ilion on the aforesaid indebtedness.
At the crux of this matter are the two bond issues of the defendant Village of Ilion whose validity was passed upon by this court (Gorman, J.) in a written decision dated March 21, 1968.
With regard to the $200,000 bond resolution which is the village’s share of the cost of the reconstruction of State Highway 5-S, the court concluded that there was sufficient compliance with the essential and applicable provisions of statutory law and that the bond resolution adopted by the village on October 31, 1967 constituted a valid exercise of the powers of the Village of Ilion’s Board of Trustees. The order dated March 28, 1968 which was entered upon this decision denied the application of the petitioner in relation to this bond resolution and dismissed *441 the same. Accordingly, this issue merits no further consideration by this court.
The decision and order of this court (Gorman, J.) was bottomed on a finding as the facts were presented at that time. These indicated that the resolution of the defendant village in November and December, 1967 was for the issuance of urban renewal notes which clearly required a statement of the total estimated cost of the urban renewal project (Local Finance Law, § 39.00, subd. b, par. 3).
A search of the record presently before this court reveals other and different facts than those previously presented. Attached to the petitioner’s moving papers are photostats of the bonds issued pursuant to the resolution of the defendant adopted on December 12, 1967. These indisputably reveal that it is a “ bond anticipation note ” and is so stated on its face and not an urban renewal note. The statutory authority for the issuance of a bond anticipation note is contained in section 38.10 of the Local Finance Law. The bond anticipation note resolution adopted by the defendant Village of Ilion complied with the statutory provisions governing their issuance.
The documentary evidence before this court further shows that the cost of these existing properties acquired pursuant to the provisions of article 15 of the General Municipal Law amounted to approximately $122,000. The State of New York, which had previously received from the Village of Ilion $150,000, refunded approximately $28,000 to the village. Thereafter the defendant village executed and delivered to the Ilion Urban Renewal Agency a deed to the excess properties that were acquired by the defendant village from the State of New York (pursuant to its agreement with the Department of Transportation). In return for these deeds, the Uion Urban Renewal Agency paid over to the defendant village the sum of $122,000. With these funds the defendant village paid and discharged its bond anticipation note in the amount of $150,000.
Petitioner’s action here, upon which this motion for summary judgment is brought, is a taxpayer’s action brought under section 51 of the General Municipal Law. The law is clear that redress may be had only when the acts complained of are fraudulent (no evidence of that here) or a waste of public property or are a use of public funds for entirely illegal purposes (Kaskel v. Impellitteri, 306 N. Y. 73, 79). The defendant Village of Ilion was not appropriating these funds for an illegal purpose but for a purpose specifically made a matter of an urban renewal bond under article 15 of the General Municipal Law. Further, *442 there was no waste, since the increment of interest received by the defendant Village of Ilion from the State of New York for the money deposited was greater than the interest which it paid to the lending institution for the borrowing on the bond anticipation note.
Finally, the defendant village acted solely as a conduit for this transaction between the State of New York, which was acquiring these parcels in the first instance, and the Ilion Urban Renewal Agency, in whom it was intended title was to ultimately rest. Such involved no charge on the village funds or the taxpayers of the Village of Ilion but was merely a method to accomplish this vesting of these parcels of real property in a proceeding authorized by the applicable provisions of the Urban Renewal Law. (General Municipal Law, art. 15.)
The notes have been discharged and the matter has been concluded. It appears to this court that this proceeding .is academic.
Accordingly, the petitioner’s motion for summary judgment is denied and the complaint is dismissed, with costs.